UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SEAN MAURICE ROBINSON,                    )        Case No. CV 18-10636-MWF (PJW)
                                          )
                Petitioner,               )
                                          )        DISMISSING PETITION WITH
         v.                               )        PREJUDICE
                                          )
WARDEN FELIPE MARTINEZ,                    )
                                          )
                Respondent.               )
_____ )

     Petitioner is a federal inmate currently incarcerated at the

United States Penitentiary in Lompoc, California.  On December 26,

2018, he filed a "Petition for Writ of Habeas Corpus by a Person in

Federal Custody" pursuant to 28 U.S.C. § 2241 ("Petition"),

challenging his November 2016 sentence from the District Court for the

Western District of North Carolina.  For the reasons explained below,

the Petition is dismissed.

     In November 2016, Petitioner pleaded guilty to conspiracy to

possess with intent to distribute marijuana.  (Petition at 1.)  As

part of his plea agreement, he stipulated that the information

contained in the charging document was accurate, including that the

"amount of a mixture and substance containing a detectable amount of

marijuana that was known or reasonably foreseeable by [Petitioner] was

at least [100] kilograms but less than [400] kilograms[.]" *United States v. Robinson*, 15-CR-0264-RJC (W.D.N.C.), March 29, 2018 Order Denying 2255 Motion to Vacate (Doc. No. 29) at 2.[1]  In return, the government dismissed charges of possession with intent to distribute, possession of a firearm in furtherance of drug trafficking, and possession of a firearm by a felon.  (*Id.* at 1.)  As a result, because Petitioner was a career offender, the advisory sentencing guideline range he faced was reduced from 262-327 months to 188-235 months. (*Id.* at 3-4.)  The court sentenced him to 204 months in prison and four years of supervised release.  (*Id.* at 4.)

In March 2017, Petitioner, proceeding pro se, filed a 28 U.S.C. § 2255 motion in the North Carolina district court, claiming, among other things, that his sentence exceeded the statutory maximum because he was indicted for "the attempted possession of 15 pounds of Marijuana," which should have resulted in a lower offense level, and that his prior conviction for infliction of corporal injury on a spouse or cohabitant did not qualify as a "crime of violence" for purposes of the career offender designation, in light of *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015).  (Doc. No. 28 at 4, 6-8.)  The court denied the motion, concluding that Petitioner had waived his right to raise most of his claims in the plea agreement and that none of the claims had merit.  (Doc. No. 29 at 7, 10-11.) Petitioner then filed an appeal in the Fourth Circuit Court of Appeals, which was denied.  *United States v. Robinson*, 724 Fed. App'x 255 (4th Cir. 2018).  While that appeal was pending, he filed a motion

---

[1]  All document numbers herein refer to filings in case number 15-CR-0264-RJC in the North Carolina district court.

for resentencing in the district court in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), arguing, once again, that his prior conviction for infliction of corporal injury on a spouse or cohabitant did not render him a career offender. (Doc. No. 32.) The court denied the motion, finding that *Dimaya*, like *Johnson* before it, "ha[d] no bearing on" Petitioner's sentence. (Doc. No. 33; see Doc. No. 29 at 11.)

In June 2018, Petitioner filed a motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in the district court in North Carolina in which he argued, among other things, that his sentence exceeded the statutory maximum. (Doc. Nos. 16, 17.) The court denied the motion on the ground that it was an unauthorized successive § 2255 motion and also denied a certificate of appealability. (Doc. No. 19.) In September 2018, Petitioner filed a motion for reconsideration, which the court also denied. (Doc. Nos. 20-21.)

On December 26, 2018, Petitioner filed the instant § 2241 Petition in this court, arguing, as he has done several times in the North Carolina district court, that his sentence is unconstitutional because it exceeds the statutory maximum and that he has been improperly deemed a career offender. (Petition at 2-3.) He further contends that his remedy under § 2255 is inadequate. (Petition at 4.)

The proper vehicle for challenging a federal conviction or sentence is a § 2255 motion in the district of conviction. In this regard, § 2255 provides:

> An application for a writ of habeas corpus in behalf of a
> prisoner who is authorized to apply for relief by motion
> pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief,

1    by motion, to the court which sentenced him, or that such

2    court has denied him relief, unless it also appears that the

3    remedy by motion is inadequate or ineffective to test the

4    legality of his detention.

5 *See, e.g.*, *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008)

6 (motions to contest legality of sentence must be filed under § 2255 in

7 the sentencing court).  What this language means is that, generally

8 speaking, a prisoner cannot proceed under § 2241 if he was

9 unsuccessful in obtaining relief under § 2255.  *See Stephens v.*

10 *Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (noting "restrictions on

11 the availability of a § 2255 motion cannot be avoided through a

12 petition under 28 U.S.C. § 2241.")  Though there is an exception to

13 the general rule, known as the "escape hatch" or "savings clause,"

14 which allows a prisoner to raise constitutional or statutory claims

15 under § 2241 that he was unable to raise under § 2255, Petitioner

16 cannot show that his case falls within that exception.  To qualify, a

17 prisoner must establish: (1) that he is actually innocent; and (2)

18 show that he has not had "an unobstructed procedural shot" at

19 presenting his claim.  *Harrison*, 519 F.3d at 959; *see also Ivy v.*

20 *Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2003).

21    First, Petitioner has not alleged, let alone demonstrated, that

22 he is actually innocent.  It is not enough to bring a legal challenge

23 against an allegedly unlawful sentence; rather, a petitioner must

24 demonstrate that, "in light of all the evidence, it is more likely

25 than not that no reasonable juror would have convicted him."  *Marrero*

26 *v. Ives,* 682 F.3d 1190, 1192-93, 1195 (9th Cir. 2012) ("[T]he purely

27 legal argument that a petitioner was wrongly classified as a career

28 offender under the Sentencing Guidelines is not cognizable as a claim

of actual innocence under the escape hatch."); *see also Bousley v. United States,* 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

Second, he cannot show that his ability to present his sentencing claims has been obstructed. In fact, Petitioner has raised these same claims numerous times on direct appeal and in collateral challenges to his sentence in the North Carolina district court and the Fourth Circuit Court of Appeals and the claims have been rejected. (Doc. Nos. 17, 19, 20, 21, 28, 29, 32, 33, 34.) As such, he may not now proceed on a § 2241 petition in this court.

The Court has considered whether the case should be transferred to the Western District of North Carolina or the Fourth Circuit Court of Appeals instead of being dismissed. In light of those courts' repeated denials of Petitioner's claims, however, the Court concludes that the case is not sufficiently meritorious to warrant transfer. 28 U.S.C. § 1631; *see also United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002). For these reasons, the Petition is dismissed for lack of jurisdiction.

The Court also finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner

cannot appeal the denial of that petition absent a [certificate of appealability.]").

   IT IS SO ORDERED.

   DATED: July 31, 2019

                                        _____
                                        MICHAEL W. FITZGERALD
                                        UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\isabelmartinez\AppData\Local\Temp\notes95E17C\LA18CV10636-MWF-PJW-Order Accepting R&R.wpd